ELLIS, Judge.
These cases arise out of an automobile accident which happened on Florida Boulevard, a four lane divided highway, just inside the city limits of Baton Rouge, Louisiana, at 8:55 p. m. on June 14, 1967. The vehicles involved were a pick-up truck, owned and operated by Clarence J. O’Neal; a pick-up truck, owned and operated by Thomas J. Annison; and an automobile, owned by Inez Rogers and operated by Frank Taylor. O’Neal brought suit for his personal injuries and property damage against Annison and his insurer, Allstate Insurance Company. Annison brought suit for his personal injuries and property damage against O’Neal, Rogers, Taylor, and Allstate, the latter under the uninsured motorist feature of his policy. Inez Rogers reconvened against Annison for the loss of her automobile, and Allstate filed a third party petition against O’Neal, praying for judgment against him for whatever it might be cast to pay Annison. Prior to trial, O’Neal’s suit was dismissed as to Annison, reserving his rights against Allstate.
After trial on the merits, one judgment was rendered for both cases, awarding O’Neal judgment against Allstate for $1,026.00; dismissing Annison’s suit as to O’Neal, Rogers, Taylor, and Allstate; and in favor of Rogers on her reconventional demand for $125.00 against Annison. An-nison has appealed both judgments devolu-tively. Allstate has also entered appeals in both suits, but failed to file an appeal bond in either case. We are, therefore, without *251 jurisdiction to entertain the latter appeal, and the judgments are final insofar as Allstate is concerned.
The testimony of the parties to this suit is in conflict as to the manner in which the accident happened. However, in some respects, there is no contradiction. O’Neal, brought his truck to a point near the scene of the accident to try to start the Rogers car, with Taylor at the wheel, by pushing it. He pushed the car for two or three blocks and it eventually started. From this point, the parties differ greatly as to how the accident occurred.
O’Neal and Taylor testified that, after the Rogers car started, they continued along the highway, with Taylor in the lead, at a speed of 25 to 35 miles per hour. O’Neal stated that he was struck in the rear by Annison and his truck was impelled forward into the Rogers car. He was thrown from the truck by the impact. Taylor said that when he was struck by O’Neal, his car immediately stopped. He saw the O’Neal truck go by, driverless, and jumped from his car and chased it across the highway to the opposite shoulder. He was uninjured. Both O’Neal and Taylor stated that their lights were burning.
Annison testified that he was driving along Florida Boulevard in the inside lane at a rate of speed of 50 miles per hour, with his headlights on dim because of oncoming traffic. He stated that when he brought his lights to bright, he saw an unlighted truck stopped in the inside lane of traffic about 50 feet ahead of him, with a man standing by it. He applied his brakes, but was unable to avoid the accident. He left ten feet of skid marks.
Harold Lassave testified that he saw the truck pushing the car when they were about two blocks from the point of the accident. He watched them from his home, about 200 feet from the accident site, observed the two vehicles stop under or near a light standard, and saw a man get out of the front vehicle and walk back to the truck. The accident happened and he saw the man pursue' the truck across the highway toward the shoulder.
A second witness, who was approaching from the opposite direction, testified that he saw an unlighted truck, with a man pursuing it, cross the highway about 300 feet ahead of him. He did not see the accident himself.
There is also testimony that the highway is well lighted at the point of the accident by a series of 400 watt mercury vapor lights, on standards about 130 feet apart.
The trial court was of the opinion that at the time of the accident, the O’Neal and Rogers vehicles were either stopped or moving very slowly. We find that they were stopped. He felt that the preponderance of the evidence was to the effect that the tail lights on the O’Neal truck were burning. He found the highway to be well lighted, and held that had Annison kept a proper lookout he would have seen the vehicles in time to avoid the accident.
Mr. Lassave and Mr. Hull, the other witness, were able to see the vehicles at distances of two blocks and 300 feet, respectively. Expert testimony offered was to the effect that the highway was very well lighted. Under those circumstances, we cannot say that the finding that Mr. Annison was guilty of negligence proximately causing the accident is manifestly erroneous.
We are aware of the line of jurisprudence which holds that one confronted with an unexpected obstruction on an open highway at night is not negligent if he is unable to avoid striking it. These cases, however, are hardly applicable to a fact situation involving a well lighted and heavily travelled thoroughfare such as Florida Boulevard in Baton Rouge.
It is clear that both O’Neal and Taylor were negligent in stopping their ve- *252 hieles in a travelled lane of a highway. R.S. 32:141. However, under the holding of this court in Hartzog v. Eubanks, 200 So.2d 303 (La.App. 1 Cir. 1967), they are absolved of the consequences thereof by the doctrine of last clear chance.
Insofar as O’Neal is concerned, this point is moot, since his judgment against Allstate is final. Since Taylor’s negligence is immaterial, Inez Rogers is entitled to recover for the loss of her automobile.
The final point to be considered herein relates to an alleged judicial confession made by Allstate in favor of Annison.
On November 8, 1967, answer was filed in the O’Neal suit on behalf of Anni-son and Allstate. Article 14 of the answer specifically denies any negligence on the part of Annison, and alleges the sole proximate cause of the accident to be the negligence of O’Neal. Annison’s suit against Allstate, as his uninsured motorist insurer, was not filed until December 11, 1967. In that suit, Allstate filed an answer denying that the sole proximate cause of the accident was the negligence of O’Neal, Rogers and Taylor, and, alternatively, alleging the contributory negligence of Annison. Anni-son claims that the allegation of Article 14 of the answer in the first suit operate as a judicial confession, which bars the allegation of his contributory negligence in the second suit, citing Article 2291 of the Civil Code.
However, we note that Article 14 was withdrawn on behalf of Allstate by supplemental answer filed with leave of court, on the same date as the answer in the second suit. There are, therefore, no affirmative allegations by Allstate of non-negligence on the part of Annison. The denials in the answer are not specific enough to form the basis of a judicial confession.
The judgment appealed from is therefore affirmed, at Annison’s cost.
Affirmed.