348 So.2d 1284 (1977)
Cynthia Thompson HODGES
v.
John HODGES.
No. 8298.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1977.
*1285 Peggy M. Vicknair, O'Keefe, O'Keefe & Berrigan, New Orleans, curator ad hoc for Nichelle F. Hodges, appellant.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This appeal by a curator ad hoc is from a judgment of disavowal of paternity of Nichelle Frances Hodges.
In response to a petition for a two year divorce, John Hodges filed a reconventional demand for disavowal of the paternity of this child, Nichelle, alleging that her birth was concealed from him and was the result of an adulterous relationship with another man by his wife. A curator ad hoc was appointed to represent the interest of the child. The curator raised an exception of prescription based upon failure to contest paternity within six months of the birth. L.C.C. Art. 191 as amended by Act 158 of 1968. After trial on the merits, the exception was overruled and a judgment of disavowal rendered. No procedural questions are raised on the appeal, and it is limited to error in overruling the exception and in granting judgment of disavowal. We believe the trial judge erred in both matters.
The calendar of events is as follows. Cynthia Thompson Hodges and John Hodges were married on October 15, 1966. They voluntarily separated on September 7, 1970. On June 10, 1973 Nichelle F. Hodges was born. On June 24, 1974 Cynthia Hodges filed a petition for divorce based on living separate and apart in excess of two years, and the reconventional demand for disavowal followed on July 10, 1974. Thus the Hodges were still married at the time of Nichelle's birth and 13 months elapsed from date of birth to filing of disavowal.
From this situation two presumptions arise.[1] The first is that arising from Louisiana Civil Code Article 184 which states that:
"Art. 184. The law considers the husband of the mother as the father of all children conceived during the marriage."
This presumption of paternity has always been rigorously applied in our courts. Tannehill v. Tannehill, 261 La. 933, 261 So.2d 619 (1972). The second presumption is that of C.C. Art. 188 stating that "in case of voluntary separation, cohabitation is always presumed, unless the contrary be proved."
The husband, by the allegations of his reconventional demand seeks to disavow under the provisions of C.C. Art. 185 which we quote in pertinent part:
"* * * *, he can not disown it even for cause of adultery, unless its birth has been concealed from him, in which case he will be permitted to prove that he is not its father."
The proof necessary to prove plaintiff's allegations and to overcome the presumptions of the law is entirely inadequate. The only proof offered was the testimony of the mother that there was a voluntary separation in 1970; that she had little contact with her husband since then; that he was not the father of the child; that she saw him twice during her pregnancy and he knew she was pregnant; that she did not tell him of the birth of Nichelle in 1973. Hodges testimony is confined simply to the fact that he lived on Galvez Street in New Orleans during the six month period from *1286 June 1973 to January 1974. The only other pertinent evidence is the birth certificate showing Hodges to be the father.
We find the legal principles announced in the case of Feazel v. Feazel, 222 La. 113, 62 So.2d 119 (1952) to be controlling here. If we considered the wife's testimony to be true, there was no concealment and no proof of adultery except the inference from her bare statement that Hodges was not the father of the child. However, Feazel stands for the proposition that we must disregard the mother's testimony which would have the effect of making the child illegitimate, and it cannot overcome the legal presumption of paternity. See also Trahan v. Trahan, 142 So.2d 571 (La. App. 3rd Cir. 1962). Without the testimony of the mother, there only remains the testimony of the father and the birth certificate itself, both of which, if they have any effect at all, tend to prove that the child is legitimate.
We see no reason to belabor the point in this case; the evidence is simply completely inadequate and the allegations of the demand unproven. The trial judge should have maintained the exception and dismissed Hodges' suit.
For the reasons assigned, we reverse the judgment appealed from and dismiss the reconventional demand for disavowal of Nichelle F. Hodges, decreeing her to the legitimate child of the marriage.
The curator ad hoc has petitioned us to increase the fee awarded for her services, for her representation of the child in this court. The trial court set the curator fee at $125.00, taxable as costs, and to this we add an additional fee of $125.00, taxable as costs against the appellee, John Hodges.
REVERSED.
NOTES
[1] Act 430 of 1976 does not apply to this case filed in 1974.