370 So.2d 139 (1979)
Leonce BOUDREAUX, Plaintiff-Appellant,
v.
Rosie Lee (Edwards) MATT, Defendant-Appellee.
No. 6825.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1979.
*140 Julius F. Harrell, Baton Rouge, for plaintiff-appellant.
Sandoz, Sandoz & Schiff, W. Simmons Sandoz, Opelousas, for defendant-appellee.
Before DOMENGEAUX, SWIFT and DOUCET, JJ.
SWIFT, Judge.
This is an appeal by Leonce Boudreaux, plaintiff-in-rule, from a judgment of the trial court in favor of Rosie Lee (Edwards) Matt, defendant-in-rule, decreeing that the plaintiff is not the father, "biological or otherwise", of the latter's eleven year old son, Melvin Jay Daniel, and therefore is not entitled to custodial or visitation rights with respect to this child. The judgment also gave Mrs. Matt custody of two of her other minor children whose natural father was admittedly the plaintiff, awarded her child support therefor and provided specific visitation rights for the father. However, on this appeal we are only concerned with that part of the decree which deals with Melvin Daniel.
In her original answer to the petition, the defendant admitted that all three children were born as a result of her cohabitation with the plaintiff. However, she subsequently amended the pleading with court approval to deny that Leonce Boudreaux was the father of Melvin Daniel. There being no indication in the record that the plaintiff was misled or deceived by defendant's first answer, his contention that she is bound by such admission as a judicial confession has no merit. O'Neal v. Allstate Insurance Company, 228 So.2d 249, (La.App. 1 Cir. 1969); and Landry v. Landry, 140 So.2d 706 (La.App. 3 Cir. 1962).
The plaintiff also complains of the trial judge having sustained an objection to his testimony that the defendant had told him he was the father of the child. Such evidence was proffered under LSA-C.C.P. Art. 1636. However, the ruling was correct and the testimony cannot be considered in this case.
It is well settled in Louisiana that a mother's testimony or admission which would have the effect of making her child illegitimate cannot overcome the legal presumption provided by LSA-C.C. Art. 184 that the husband of the mother is the father of the children conceived during the marriage, and such testimony and admissions must be disregarded. Feazel v. Feazel, 222 La. 113, 62 So.2d 119 (La.1952); Trahan v. Trahan, 142 So.2d 571 (La.App. 3 Cir. 1962); and Hodges v. Hodges, 348 So.2d 1284 (La.App. 4 Cir. 1977).
The only admissible evidence which indicated the plaintiff may have been the father of Melvin Daniel was his own testimony.[1] He said that he and the defendant had intimate relations during the time that Melvin was conceived, that he took the defendant to the hospital for the birth and that she and her legal husband, Oscar Lee Daniel, separated shortly thereafter. However, plaintiff acknowledged that defendant and Mr. Daniel lived together in an apartment all during the year before the birth occurred.
In his reasons for judgment the trial judge said:
"1) I find that Melvin Daniel was conceived and born during the existence of the marriage of the defendant, Rosie Lee (Edwards) Matt to Oscar Lee Daniel. There being no evidence to show that the child was ever disavowed by Oscar Lee Daniel, the husband of the wife is, under our law, presumed to be the father of the child, and consequently, plaintiff in rule has no right to claim any of the rights given by law regarding parent and child. While it is conceivable that plaintiff in rule could be the biological father, it is equally conceivable that he is not the biological father, and I find that Mr. Boudreaux has not proved himself to be the biological father of Melvin Jay Daniel."
Thus, the district judge not only found that the proof presented by the plaintiff was insufficient to overcome the strong *141 presumption provided by Article 184 of our civil code, that the husband of the mother is the father of all chilren conceived during the marriage, but also that the plaintiff failed to establish it was more probable than not that he was responsible for the child's conception, the burden of proof ordinarily required to establish an issue of fact. We agree with his findings of fact and conclusions.
The record does not reflect that Oscar Lee Daniel has taken any steps toward disavowal of the paternity of Melvin Daniel. Since the evidence in this case has failed to establish that the child is actually the illegitimate son of Leonce Boudreaux, we do not believe that he has been subjected to any discrimination by reason of his birth or LSA-C.C. Art. 184. Consequently, it is unnecessary for us to consider the constitutional issue raised by the plaintiff in this connection. Corpus Christi Parish Credit Union v. Martin, 358 So.2d 295 (La.1978).
For the foregoing reasons the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] The mother did not testify that Boudreaux was the father of this child.