PEREZ, Judge.
This case involves a disavowal petition filed by Plaintiff-Appellee, Lynn Peter Mi-gues, against the minor, Nerrisa Ann Mi-gues. The facts are undisputed. Mr. Lynn Peter Migues was previously married to Lois Marie Butuad Migues. Of that union, two children were born, namely, Yolande and Chanda. After the separation, Mrs. Migues resided in New Iberia and her husband, Plaintiff-Appellee, lived in New Orleans. The custody of these two children were granted to Mrs. Migues and her husband visited with the children on weekends. He would travel to New Iberia accompanied by either his roommate or his brother, both who testified he did not enter the residence of his ex-wife and his two children would come out to the ear to meet him. Plaintiff-Appellee had no physical contact with his wife since the date of separation. Almost five years after living separate and apart, Mrs. Migues gave birth to Nerrisa Ann Mi-gues and plaintiff-appellee, Lynn Peter Mi-gues, filed this disavowal action. The judge of the Civil District Court ruled in favor of Mr. Migues and found that he was not the father of the minor child. Nerrisa Ann Migues was represented in these proceedings by Ms. Susan Dunn, her duly appointed curator. This appeal was lodged on behalf of the said minor through her curator.
The following dates are pertinent to this matter:
(1) Mr. Lynn Peter Migues and his wife, Lois Butaud Migues became separated on November 7, 1974.
(2) A petition for divorce was filed by Lynn Peter Migues in Civil District Court in proceedings No. 78-17067 on November 21, 1978.
(3) A judgment of divorce was rendered on January 15, 1979.
(4) The child sought to be disavowed, Nerrisa Ann Migues, was born on July 27, 1979.
(5) A letter from Acadiana Legal Service Corporation, dated October 10, 1979, was sent to Lynn Peter Migues, informing him of the birth of the child, Nerrisa Ann Migues.
(6) A suit to disavow paternity was filed by Lynn Peter Migues on October 26, 1979.
(7) A judgment was rendered by the district court in the disavowment proceedings against the mother, Lois Bu-taud Migues, on January 17, 1980.
*1281 (8) A judgment was rendered by the district court against the child, Nerrisa Ann Migues, decreeing that Nerrisa Ann Migues is not the child of Lynn Peter Migues on February 28, 1980.
It is interesting to note that after the birth of the child, Mrs. Migues informed her attorney that she did not want Lynn Peter Migues to be named as the father of the child on the birth certificate. Additionally, when the petition for disavowal was filed, Mrs. Migues signed an affidavit waiving personal service and citation and agreed that a judgment might be rendered against her by default. The minor child, Nerrisa, through her curator, states that the trial judge committed reversible error when he allowed Mrs. Migues’s affidavit to be introduced into evidence because it was hearsay. Duly appointed curator and counsel for the minor relies on the case of Boudreaux v. Matt, 370 So.2d 139 which holds:
“It is well settled in Louisiana that a mother’s testimony or admission which would have the effect of making her child illegitimate cannot overcome the presumption provided by LSA Civil Code Art. 184 that the husband of the mother is the father of the children conceived during the marriage, and such testimony and admission must be disregarded. Feazel v. Feazel, 222 La. 113, 62 So.2d 119 (La.1952) Trahan v. Trahan, 142 So.2d 571 (La.App. 3rd Cir. 1962) and Hodges v. Hodges, 348 So.2d 1284 (La.App. 4th Cir. 1977).”
We do not feel that the Boudreaux case is relevant or similar to the case at bar. In the Boudreaux matter, the record does not reflect that any steps toward disavowal had been taken. In addition thereto, since Mrs. Migues was a party to the proceedings, we do not feel that her testimony was inadmissible hearsay, and it was properly allowed into evidence by the district judge.
In 1976 in Act No. 430, the Regular Session of the Legislature addressed itself to legitimacy of children resulting from marriage including disavowal of paternity. This particular act repealed C. C. Articles 191 and 192 and re-enacted C. C. Articles 184 through 190. In the case of Ogea v. Ogea, 378 So.2d 984 (1979), the Third Circuit made the following statement:
“The legislative history of Act 430, although by no means extensive, indicates the legislation was prepared and submitted by the Louisiana Law Institute and was designed to moderate the statutory and jurisprudential rules theretofore existing in the action of disavowal.”
Prior to the enactment of Act No. 430 of 1976, prior Article 184 provided that:
“The law considers the husband of the mother as the father of all children conceived during the marriage.”
The C. C. Article 184 now reads:
“The husband of the mother is presumed to be the father of all children born or conceived during the marriage.”
Concerning the burden of proof in an action for disavowal, C. C. Article 187 now reads:
“The husband can disavow paternity of a child if he proves by a preponderance of the evidence any facts which reasonably indicate that he is not the father.”
In adopting Act 430 of 1976, the legislature changed the law and “moderated” or “liberalized” the requirement for disavowing paternity. We must look to see if Mr. Migues has proven by a preponderance of the evidence any facts which reasonably indicate that he is not the father of the minor, Nerrisa Ann Migues.
Mr. Migues testified that he had no physical contact with his wife since the date of their separation on November 7, 1974. In addition thereto, Mrs. Migues initiated the action to keep Mr. Migues from being named as the father on the child’s birth certificate. Testimony was given by Mr. Migues’s roommate of six years and by his brother that the parties lived separate and apart and they accompanied him from New Orleans to New Iberia to see his two minor children. When Mr. Migues filed his original petition for disavowment, he alleged that the father of the minor was Jose Par-ra, and that fact was never denied by the mother of the child. It is our opinion that *1282 Mr. Migues has proven by a preponderance of the evidence that he is not the father of the minor, Nerissa Ann Migues, and therefore, we affirm the judgment of the lower court.

AFFIRMED.