SCHOTT, Judge.
This is an action for disavowal of paternity instituted by plaintiff, Tyronne A. Dunn, against Rozella Brown Dunn and the minor child, Tehran L. Dunn. Tyronne and Rozel-la were married in 1970. In 1972 they ceased living together as man and wife but they have never been legally separated. The child was bom on May 19, 1980, and Tyronne was named as the father on the birth certificate. From a judgment dismissing the suit Tyronne has appealed. The appellee is the attorney at law appointed to represent the child.
The issue is whether or not the judgment of the trial court was correct considering the uncontroverted testimony of plaintiff, the child’s mother, and corroborating witnesses who stated that plaintiff was clearly not the father of the child.
LSA C.C. Art. 184 provides: “The husband of the mother is presumed to be the father of all children bom or conceived during the marriage.” However, Art. 187 provides: “The husband can disavow paternity of a child if he proves by a preponderance of the evidence any facts which reasonably indicate that he is not the father.”
It is clear that Article 187 was created by the 1976 amendments to the paternity articles in an attempt to moderate the prior statutory and jurisprudential rules which had theretofore prevailed. Mock v. Mock, 411 So.2d 1063 (La.1982).
At trial, four witnesses testified. Plaintiff stated that prior to the birth of the child he had not even seen his wife, Rozella Dunn, since being separated except for a chance encounter at a fast food restaurant, and that he never had sexual intercourse with her during the year 1979. Rozella confirmed this testimony and stated further that the real father of the child was Wilfred Albert, who was the only person with whom she had sexual relations during the year before the child was born. Mrs. Roena Brown, Rozella’s mother, who lived in the adjoining half of the double where Rozella resided, stated that she was aware of whom her daughter was seeing prior to the birth of the child, that Rozella did not see plaintiff but that she was seeing Wilfred Albert prior to the birth of the child. Wilfred Albert corroborated the testimony of Roena Brown and Rozella Dunn. He admitted that he had sexual relations with Rozella during the possible period of conception and acknowledged that he is the father.
Upon this evidence we conclude that plaintiff carried the burden of proof required by the legislature when it adopted the changes in the paternity articles of the Louisiana Civil Code. The evidence presented to the trial court was overwhelming in proof that plaintiff is not the biological father of the child, Tehran Dunn.
Appellee argues that Mock stands for the proposition that testimony alone cannot overcome the presumption of a paternity set forth in C.C. Art. 184. However, we distinguish Mock as dealing with a situation wherein the husband and wife testified contradictorily. In the instant case, there was no contradictory evidence presented to refute the factual assertions of the mother or the presumed father.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff, Tyronne A. Dunn, decreeing that he is not the legal father of Tehran L. Dunn.
REVERSED AND RENDERED.