BYRNES, Judge.
This is an appeal from a judgment of the Civil District Court, Parish of Orleans, disavowing the paternity of a minor child.
Michael Robertson, plaintiff-appellee, and Torey Young were married on August 28, 1976. On February 3, 1977 Young gave birth to Tyjuan Robertson. In January 1979 appellee and Ms. Young voluntarily separated. Shortly thereafter Young began living with Dave Taylor. On November 8, 1980, Young gave birth to her second child, Tysuan. Although Robertson visited the first child on several occasions prior to Tys-uan’s birth, he was apparently unaware of Young’s pregnancy or the birth of the second child before March 1981.
Appellee filed suit on August 17, 1981 seeking disavowal of the second child, Tys-uan Anika Robertson. This suit was amended to include a prayer for a divorce from Young. The trial court granted the divorce and disavowal of the minor child. This appeal was perfected by Tysuan Anika Robertson through her curator ad hoc, solely on the issue of disavowal.
Appellant contends that the trial court erred in granting the disavowal for three reasons. First, the action for disavowal had prescribed as it was not instituted within the 180 day period provided by Civil Code Article 189. Second, the court heard the testimony of4,Torey Young and thereby allowed appellant’s mother to bastardize her own child. Finally, plaintiff did not meet the burden of proof prescribed by Civil Code Article 187.
PRESCRIPTION
Civil Code Article 189 states in pertinent part; “A suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child.” Where it is shown that the father was not cognizant of the pregnancy or the resulting birth of a child, the prescriptive period does not begin to run until the husband has actual or constructive knowledge of the birth. La.C.C. Article 189.
In the instant case, appellee testified that he was never informed of Young’s pregnancy. He further testified that he had not had sexual relations with his wife after their voluntary separation in 1979 and that he did not see his wife at any time when the pregnancy was so advanced as to be readily apparent. Robertson did not visit with his child, Tyjuan, until March or April of 1981, four months after Tysuan was born. Appellee’s testimony was corroborated by Young and Taylor.
The record clearly establishes that Robertson was not aware of the existence of the second child until March or April 1981. The petition for disavowal was filed in August 1981, well within the 180 day period prescribed by Civil Code Article 189. Thus appellee’s cause of action for disavowal had not prescribed at the time he instituted this action.
MS. TAYLOR’S TESTIMONY
It is well settled in Louisiana jurisprudence that where the mother’s testimony would have the effect of bastardizing
*423 her own child, such testimony must be disregarded by the court. Hodges v. Hodges, 348 So.2d 1284 (La.App. 4th. Cir.1977). Appellant suggests that had the court below disregarded the testimony of Ms. Young it could not have held that Mr. Robertson was not the father.
We find from the record before us that the trial judge was cognizant of the effect of Ms. Young’s testimony and therefore based his decision primarily on the other evidence before the court. The trial judge stated:
Taking the mother’s testimony alone ... [it] can’t be used to bastardize the child but I have the testimony of two other witnesses, I have the gentlemen who testified without hesitation that he ... was the father ... [and is] proud of the fact . . ., plus the testimony of the defendant that he wasn’t aware his wife was pregnant and he himself did not have any sexual relationship with her. (Transcript at 42-43)
' Clearly the court was satisfied that the testimony of Mr. Robertson and Mr. Taylor was sufficient to establish that appellee was not the father. We agree.
BURDEN OF PROOF
Civil Code Article 187 states that “The husband can disavow paternity of a child if he proves by a preponderance of the evidence any facts which reasonably indicate that he is not the father.”
Appellant’s contention that this burden cannot be satisfied without scientific tests or proof of remoteness of the husband is without merit. Article 187 specifically states that the father can show “any facts which reasonably indicate he is not the father.” The official revision comments cite scientific evidence and remoteness as two examples of the many types of facts which may satisfy the burden of proof.
In the case at bar Mr. Robertson testified that he had not had sexual relations with his wife since their separation in 1979, that he had only seen her occasionally when he visited his daughter Tyjuan, and that he did not have the opportunity to see his wife during any time when the second pregnancy would be apparent and in fact did not see her until 4 or 5 months after the second child was born. This testimony was corroborated by Mr. Taylor who had been cohabiting with Ms. Young since mid 1979. Mr. Taylor testified further that he was having sexual relations with Ms. Young, that he was the father of Tysuan, that he openly treated her as his daughter, and that when Ms. Young’s divorce became final he would marry her, adopt Tysuan, and move to substitute his own name for Mr. Robertson’s on the birth certificate.
In Dunn v. Dunn, 427 So.2d 58 (La.App. 4th Cir.1983) the court held that uncorroborated testimonial evidence alone as to the paternity of the child without scientific tests will satisfy the husband’s burden of proof. In that case the husband testified that he had not had sexual relations with his wife after their separation and that he had only seen her once prior to the birth of the child, another man testified that he was the father, and all the testimony was corroborated by the mother and another witness. Accordingly, we find that the trial court was correct in concluding that the required burden of proof had been met.
CONCLUSION
The action for disavowal was timely filed. The evidence presented at trial was sufficient, disregarding the testimony of the mother, to prove by a preponderance of the evidence that Mr. Robertson is not the father of Tysuan Anika Robertson.
For the foregoing reasons the judgment of the trial court is affirmed, all costs to be borne by appellant.
AFFIRMED.