445 So.2d 21 (1984)
In re The infant, Theresa Nichol MURRAY.
No. 83-CA-514.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1984.
Rehearing Denied February 17, 1984.
*22 Olden C. Toups, Jr., New Orleans, for plaintiff-appellant.
R. Gordon Logue, Jr., Kenner, for defendant.
Before BOUTALL, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by Donald K. Murray, petitioner, from an adverse judgment in a Habeas Corpus proceeding brought by him against Jeffrey and Mary Brown, to obtain custody of the infant, Charisse Nichole Murray, whom he claims is his natural child. While we agree with the trial court that James Ernest Vinet, Jr., the husband of the child's mother at the time of the infant's birth, is her legal father, we nonetheless vacate the judgment in so far as it grants custody to Vinet, and order that custody be given to Jeffrey and Mary Brown, subject to visitation rights by Murray.
The two issues raised by appellant here are:
1.) Whether the trial court committed legal error in concluding that Vinet is the child's legitimate father, and,
*23 2.) Whether the court's factual determination that the best interest of the child is served by granting custody to Vinet is manifestly erroneous.
The facts giving rise to this litigation are these. James Vinet and Charisse Claverie were married in 1976, and were still legally married on July 9, 1982, the day Charisse Claverie died. However, for about a year and a half before her death, Charisse had been living with Donald Murray, and on May 17, 1982, she gave birth to the child who is the subject of this litigation. On the representation of Charisse, the hospital listed Murray as the child's father, but Murray did not sign this birth certificate.
For some two weeks before and two weeks after the child's birth, Charisse and Murray lived with Murray's sister, Mary Brown, and her husband Jeffrey, in LaPlace. Later they moved to Denham Springs, but on July 9th, the day of Charisse's death, the three of them were again temporarily staying with the Browns. After the death of the mother, Murray and the baby remained at the Browns until July 26th, when Murray and the child moved in with Selma Dufresne, an aunt of Charisse Claverie, in Gretna. On August 5th, Mary Brown got permission from Murray to bring the child to her home in LaPlace for the weekend. When she refused to return the child to Murray on the following Monday, he filed this petition of Habeas Corpus to regain custody of the child.
At the hearing on this matter, Vinet, Charisse's husband, appeared and testified that he and his wife had spent several days together in August or September, 1981, some 9 months prior to the child's birth, and had had sexual relations at that time. He contended further that he was the child's father, and that because he was then unable to care for the child, he wished her to remain with the Browns. He further indicated that he would probably consent to her adoption by this family, were he granted custody.
At the conclusion of the hearing, the court ordered that blood tests be performed on Murray, Vinet and the child, and all parties stipulated that the results of those tests were to be admitted into evidence without testimony by the expert who conducted them. The expert's conclusions were that as to Vinet, "paternity is excluded," and as to Murray, "paternity cannot be excluded."
On these facts, the trial court concluded that James Vinet is the legitimate father of the child, and that Donald Murray is probably her biological father. He further found that the best interest of the infant would be served by granting custody to Vinet, and visitation rights to Murray, and so ordered. Murray now brings this appeal.
Murray's first allegation is that the trial court erred in concluding that Vinet is the legitimate father of the child. The thrust of his argument is that the evidence adduced at trial was sufficient both to rebut the presumption of Vinet's paternity established by La.Civ.Code Art. 184, and to establish Murray's paternity. While there is force in this argument, we nonetheless reject it for the reasons given by the trial judge. Although La.Civil Code, Art. 186, which states, "The husband of the mother is not presumed to be the father of the child if another man is presumed to be the father" purports to open the door to negate the presumption found in La.Civil Code Art. 184. The code does not provide the necessary method or mechanism for a paramour to timely disavow paternity.
These amendments which were enacted by the legislature in 1976 have the effect of making the presumption of paternity which had previously been irrebuttable in most instances now rebuttable.
Our Supreme Court in Mock v. Mock, 411 So.2d 1063 (La.1982) stated Act 430 of 1976 accomplished the legislative objective of allowing the husband to disavow a child born to his wife where it is clear that he is not the father while retaining the public policy against bastardizing the innocent child.
It is the opinion of this court that the legislature did not intend to allow the bastardization of innocent children, but *24 only modified the formally irrebuttable presumption of Article 184. These Articles, namely 184 thru 190 still only provide the mechanism for the husband or his heir to disavow.
In similar regard, Article 209 provides the necessary mechanism and time table in which a child may prove his filiation.
The action to disavow, even in view of the amendments by Act 430 of 1976 seems to still be "peculiar to the father and can be exercised only by him, or his heirs, within a given time, and in certain cases" as espoused in Feazel v. Feazel, 222 La. 113, 62 So.2d 119 (1952) and reaffirmed in Taylor v. Taylor, 295 So.2d 494 (La.App. 3rd Cir. 1974).
We do not agree that since the 1976 amendment a paramour or anyone other than the husband of the wife can bring an action to disavow. We hold that the action is still personal to the husband and no one except him or his heirs can file an action to disavow. We therefore need not address here, as Murray urges, whether on the facts before us Vinet would have prevailed in an action to disavow the child, because that action is not before this court. What is before us is simply an attempt by Murray to assert Vinet's personal right to rebut the presumption of paternity which as stated above, he cannot do. We therefore affirm the trial court's determination that Vinet is the child's legitimate father.
The consequence of this finding is not that it is dispositive of the issue of custody, but rather that Vinet has the paramount right to custody, and may be deprived of that custody only for compelling reasons inimical to the welfare of the child, Wood v. Beard, 290 So.2d 675 (La.1974).
The record discloses that Vinet, by his own admission, is unable to care for the child and further intends to permit the Browns to retain physical custody of her. Under these circumstances, this court finds that the paramount right of Vinet to be awarded custody is far outweighed by the compelling facts that he cannot and does not wish to have custody of the infant. For this reason, the judgment of the trial court awarding Vinet custody is vacated.
This brings us to Murray's second argument which is that the judgment of the trial court awarding custody to Vinet is manifestly erroneous. Because we have already held that the custody award to Vinet was improper, to that extent we agree with appellant. However, the record as a whole clearly indicates to this court that the trial judge ruled as he did because actual physical custody was to remain with the Browns, and he deemed this to be in the best interest of the child. We recognize, of course, that our interpretation of the record on this point, is subject to question, and do not rely on that interpretation in our ruling today. Our ruling is rather based on this court's powers to render judgments on a complete record on appeal.
The issue before us is simply in whose custody will the best interest of this child be served. This is so because we have already determined that Vinet is the legal father of the child, but his paramount right to custody has been overborne by his inability and unwillingness to care for the child. The Browns are admittedly legal strangers to the child, but were in physical custody of her when this action was commenced. Murray, on the other hand has made a judicial admission that he is the natural father of the child, and to that extent he does have a legal relationship to the infant. However, it is this court's opinion that the legal relationship created by such an acknowledgement does not give rise to the paramount right to custody when the child has a legal parent.
Having so held, we now turn to consideration of the best interest of the child.
The record discloses that the Browns have a stable home environment, two other teen-age children and own their home. Jeffrey Brown is regularly employed, and Mary is clearly a woman of good moral character. Both Browns exhibited a genuine and strong desire to rear the child as their own, and are clearly capable of doing so in a loving and competent manner.
Donald Murray, on the other hand, is a single disabled veteran who suffers from *25 amnesia, and partial paralysis. While he receives a substantial pension, he has had no permanent residence within the last year. Mary Brown, his sister, testified that she knows him to be a user of drugs and that Charisse Claverie in fact died of an overdose of drugs. She further testified that Murray's paralysis caused him difficulty in holding or bathing the child.
On these facts, this court is firmly convinced that the best interest of the infant, Charisse Nichole Murray, will be served by granting legal custody of her to Jeffrey and Mary Brown, and so hold. However, as Murray is in all probability the biological father of the child, has a genuine paternal interest in and affection for her, and has judicially acknowledged her, we affirm the trial court's award of visitation rights to him, Taylor v. Taylor, supra.
For the foregoing reasons, the judgment of the trial court that James Ernest Vinet, Jr. is the legal father of Charisse Nichole Murray is affirmed. The award of custody to Vinet is vacated, and custody of Charisse Nichole Murray is hereby awarded to Jeffrey and Mary Brown, subject to visitation rights of Donald K. Murray, as specified in the order of the trial court.
AFFIRMED IN PART REVERSED IN PART AND RENDERED.