763 So.2d 36 (2000)
Joseph A. HERNANDEZ
v.
Kimberly Lejeune HERNANDEZ.
No. 99-1914.
Court of Appeal of Louisiana, Third Circuit.
May 3, 2000.
Rehearing Denied June 28, 2000.
*37 Robert L. Cole, Lafayette, Counsel for Joseph A. Hernandez, Plaintiff-Appellant.
Ann D. Latour, Lafayette, Counsel for Kimberly Lejeune Hernandez, Defendant-Appellee.
Katherine L. Hurst, Lafayette, Counsel for Clayton Mitchell Hernandez, Curator for Minor Child.
Before DOUCET, C.J., COOKS and DECUIR, Judges.
DECUIR, Judge.
This appeal presents the question of when a legal father can file suit to disavow paternity of a child born during his marriage to the child's mother. The trial judge found the father's action had prescribed and assessed attorney and curator fees against him. We affirm in part and reverse in part.
Joseph Hernandez filed a petition for divorce after his wife, Kimberly Lejeune Hernandez, abandoned the matrimonial domicile. In his petition, Mr. Hernandez requested an order for blood tests to determine the paternity of the only child born of the marriage. Several weeks later, Mr. Hernandez filed a petition to disavow paternity in the event the blood tests revealed that he was not the child's biological father. The child was twenty-one months old at the time the disavowal action was filed.
At the time Mr. Hernandez filed suit, Article 189 of the Louisiana Civil Code provided:
A suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child; but, if the husband for reasons beyond his control is not able to file suit timely, then the time for filing suit shall be suspended during the period of such inability.
Article 189 was amended in 1999 to extend the prescriptive period from one hundred *38 eighty days to one year. The amendment was given retroactive effect. Additionally, La.R.S. 9:305 contains the following exception to the Civil Code rule:
A. Notwithstanding the provisions of Civil Code Art. 189 and for the sole purpose of determining the proper payor in child support cases, if the husband, or legal father who is presumed to be the father of the child, erroneously believed, because of misrepresentation, fraud, or deception by the mother, that he was the father of the child, then the time for filing suit for disavowal of paternity shall be suspended during the period of such erroneous belief or for ten years, whichever ends first.
B. No provision of this Section shall affect any child support payment or arrears paid, due, or owing prior to the filing of a disavowal action if an order of disavowal is subsequently obtained in such action.
The testimony in the record reveals the following facts. Mr. Hernandez was informed by his wife in 1996 that she had been unfaithful to him. He believed the affair took place in October of 1996. He did not take any steps to terminate the marriage, but instead tried to work things out with Ms. Hernandez. On July 2, 1997, Ms. Hernandez gave birth to a baby boy, and Mr. Hernandez was present at the birth. He knew at the time of the birth that the child may not have been his. However, he signed the birth certificate, treated the child as his own, and continued in his efforts to make their marriage work. In the year and half between the child's birth and the parties' separation on February 1, 1999, Ms. Hernandez would often comment to her husband that the child was not his. Mr. Hernandez testified that he did not attempt to disavow paternity during the marriage because he was trying to make the marriage work and that would have ended it right away.
The testimony in the record shows that while Ms. Hernandez was indeed unfaithful and abandoned her husband by leaving the matrimonial domicile, she did not deceive him into believing that their son was his biological child. In fact, she commented more than once to Mr. Hernandez that he was not the child's father. Even at the time of the child's birth, Mr. Hernandez suspected that he might not be the natural father. Given these circumstances, the Section 305 exception to Article 189 concerning misrepresentation, fraud, or deception on the part of the mother as to the identity of the child's natural father, does not apply.
Focusing specifically on Article 189, we note that twenty-one months passed from Mr. Hernandez's knowledge of the child's birth to the time he filed the disavowal action. Only if he was unable, for reasons beyond his control, to file suit timely, could the prescriptive period have been suspended. There is no evidence in the record that Mr. Hernandez was unable to file suit timely; therefore, prescription began to run from the time of the child's birth. Mr. Hernandez's cause of action for disavowal prescribed one hundred eighty days later.
We find no merit to Mr. Hernandez's argument that he was prevented from filing suit timely because of the spousal immunity statute which prohibits married persons from suing each other except in certain circumstances. La.R.S. 9:291 provides as follows:
Spouses may not sue each other except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code; for restitution of separate property; for divorce or declaration of nullity of the marriage; and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart.
We do not believe the spousal immunity statute bars a husband who is suspicious of his child's legitimacy from bringing a disavowal action during the marriage. If the husband wishes to preserve his relationship *39 with his wife by not filing for disavowal, then he necessarily accepts the legal presumption of paternity, and all the responsibilities inherent therein.
In Phillips v. Phillips, 467 So.2d 132 (La.App. 3 Cir.1985), this court held that a husband who chose not to disavow timely was forever barred from questioning the paternity of twins born to his wife long after they had separated. Even though the wife acknowledged that her husband was not the twins' father, we upheld the longstanding presumption of paternity codified at La. Civ.Code Art. 184. We held:
To contest the presumption of legitimacy of children born during marriage, the husband must timely institute his personal action to disavow paternity. Id. No one except the husband can file an action to disavow and no fact, rebutting the presumption of legitimacy of children born during marriage, can be considered unless an action to disavow has been timely filed....
We are convinced that, even before the children's birth, Steven was fully aware of the possibility of the assertion of his paternity. However, for personal reasons, he decided to postpone his action to disavow until after the children were born and their hospital bills were paid....
Our jurisprudence reflects unwavering dedication to the rule of strict construction of the articles governing disavowal actions. Pounds v. Schori, 377 So.2d 1195, 1200 (La.1979). The purpose thereby is to preserve the family unit and to avoid the stigma of illegitimacy and resultant disinherison accompanying a successful disavowal action. Id. Until such time that the legislature indicates its intention to relax the rules governing disavowal proceedings, we shall continue zealously to guard and to enforce the presumption created by La.Civ.Code art. 184.
467 So.2d at 135, 136.
We find no error in the trial court's determination that Mr. Hernandez's disavowal action has prescribed. Likewise, his request for blood tests was also untimely. Accordingly, we affirm that portion of the judgment rendered below.
In addition to dismissing Mr. Hernandez's disavowal action, the trial judge also assessed attorney and curator fees against him. Mr. Hernandez was ordered to pay $600 in attorney's fees to Ms. Hernandez under La.R.S. 9:398.1 and a $300 fee to the curator appointed to represent his child. Section 398.1 provides for the award of attorney's fees to the prevailing party when "the court renders judgment in favor of a party seeking to establish paternity." In this case, Ms. Hernandez is not a party seeking to establish paternity; therefore, she is not entitled to attorney's fees. The curator's fee, however, is authorized by La.Code Civ.P. Art. 5096, and the amount awarded was within the trial court's great discretion.
Finally, we disagree with the curator's allegation that Mr. Hernandez has filed a frivolous appeal and decline to award damages in that regard.

DECREE
For the foregoing reasons, the award of attorney's fees to Ms. Hernandez is reversed. In all other respects, the judgments appealed from are affirmed. Costs of this appeal are assessed equally to Mr. Hernandez and Ms. Hernandez.
AFFIRMED IN PART AND REVERSED IN PART.
COOKS, J. concurs. The statute allowing attorney's fees in paternity cases is ambiguous. It is difficult to determine who is allowed to seek such an award and whether such award is recoverable when a party's action seeking to establish that a person other than himself is the father has prescribed.