829 So.2d 1101 (2002)
Shelton LEGER
v.
Jill Rene Stockglausner LEGER.
No. 02-428.
Court of Appeal of Louisiana, Third Circuit.
October 30, 2002.
*1102 Carl Duhon, Ike Huval, Lafayette, LA, Attorney for the Plaintiff-Appellee Shelton Joseph Leger.
James Patrick MacManus, Lafayette, LA, Attorney for the Defendant-Appellant Jill Rene Stockglausner Leger.
Court composed of NED E. DOUCET, JR., Chief Judge, MARC T. AMY and GLENN B. GREMILLION, Judges.
DOUCET, Judge.
The Defendant, Jill Rene Stockglausner Leger, appeals a trial court judgment dismissing her action for declaratory judgment by which she attempted to have her minor child declared not to be the legitimate offspring of her ex-husband.
Shelton Leger and Jill Stockglausner were first married in January 1995. A judgment of divorce was rendered on October 14, 1996. Jill gave birth to a child, MacKenzie Jade Leger, on February 5, 1997, approximately 114 days after the rendition of the divorce judgment. Shelton *1103 and Jill re-married on February 21, 1997 and again divorced. The second divorce judgment was signed July 15, 1999. Physical custody of the child was given to Shelton Leger, pursuant to a consent judgment. In February 2001, Jill filed a petition for declaratory judgment seeking to have the court declare that MacKenzie was not the biological child of Shelton Leger and seeking to relieve Shelton of custody pending a determination of parentage. Shelton, through counsel, filed exceptions of lack of procedural capacity, no right of action, unauthorized use of summary proceedings, res judicata, no cause of action, and prescription and/or laches. After a hearing, the trial court dismissed Jill's petition for declaratory judgment pursuant to the exception of no cause of action filed by Shelton. Jill appeals.

MAY A MOTHER CONTEST HER HUSBAND'S PATERNITY OF A CHILD BORN LESS THAN 300 DAYS AFTER THE DISSOLUTION OF THE MARRIAGE?
The issue before us is whether the mother of a child has the right to contest her husband's paternity of a child born less than 300 days after the dissolution of the marriage.
La.Civ.Code art. 184 states that: "The husband of the mother is presumed to be the father of all children born or conceived during the marriage." Further La. Civ.Code art. 185 states that: "A child born less than three hundred days after the dissolution of the marriage is presumed to have been conceived during the marriage." This presumption is historically one of the strongest in the law. See Phillips v. Phillips, 467 So.2d 132 (La. App. 3 Cir. 1985); Burrell v. Burrell, 154 So.2d 103 (La.App. 1 Cir.1963).
As this court stated in Phillips, 467 So.2d at 136:
Our jurisprudence reflects unwavering dedication to the rule of strict construction of the articles governing disavowal actions. Pounds v. Schori, 377 So.2d 1195, 1200 (La.1979). The purpose thereby is to preserve the family unit and to avoid the stigma of illegitimacy and resultant disinherison accompanying a successful disavowal action. Id.

See also Hernandez v. Hernandez, 99-1914 (La.App. 3 Cir. 5/3/00); 763 So.2d 36.
The statutory provisions as well as the interpreting jurisprudence are clear:
'In interpreting these codal provisions this court has held on numerous occasions that the right to contest the legitimacy of a child born during marriage is strictly personal to the husband and can be exercised by him only during a fixed period (with the right reserved to his heirs in the event of his death within the delay). When he fails to institute timely the disavowal action such right is extinguished; it can subsequently be exercised by no one; and the presumption of his paternity is absolute.'
. . . .
"... The presumption of legitimacy resulting from birth during the existence of a lawful marriage is absolute and irrefutable (excepting only the right of disavowal under proper circumstances) and precludes application of any rule, principle or theory which would admit of proof that such a child is the offspring of anyone other than the lawful husband of the mother which bore such child."

Id. (citations omitted). While the legislature may have weakened the presumption of legitimacy by amendments in Acts 1976, No. 430, Sec. 1, see, Verneuille v. Verneuille, 438 So.2d 615, 616 (La.App. 4th Cir.), writ refused, 443 So.2d 596 (La.1983), it has not changed the procedural requirements for rebutting that presumption. In Re Murray, 445 So.2d 21, 24 (La.App. 5th Cir.), writ *1104 refused, 447 So.2d 1079 (La.1984). To contest the presumption of legitimacy of children born during marriage, the husband must timely institute his personal action to disavow paternity. Id. No one except the husband can file an action to disavow and no fact, rebutting the presumption of legitimacy of children born during marriage, can be considered unless an action to disavow has been timely filed.
Phillips, 467 So.2d at 134-35.
We can find no authority suggesting that a mother may rebut the presumption that her husband is the father of children born during the marriage or within 300 days of the dissolution of the marriage. In fact, the jurisprudence supports the opposite conclusion, stating that the presumption of paternity cannot be overcome by statements of the mother. Smith v. Smith, 39 So.2d 162, 214 La. 881 (La. 1949); Burrell, 154 So.2d 103. In Hodges v. Hodges, 348 So.2d 1284, 1286 (La.App. 4 Cir.1977), the court stated that: "Feazel [v. Feazel, 222 La. 113, 62 So.2d 119 (1952)] stands for the proposition that we must disregard the mother's testimony which would have the effect of making the child illegitimate, and it cannot overcome the legal presumption of paternity. See also Trahan v. Trahan, 142 So.2d 571 (La.App. 3rd Cir.1962)."
We find no basis for a departure from the zealous enforcement of the presumption of paternity created in La.Civ.Code arts 184 and 185. We leave it to the legislature to make changes in the existing law. Accordingly, the judgment of the trial court is affirmed. We assess the costs of this appeal to the Defendant-Appellant, Jill Rene Stockglausner Leger.
AFFIRMED.